## UNITED STATES v. RIDENOUR.

### (District Court, W. D. Virginia. December 13, 1902.)

1. INTERNAL REVENUE—TAX ON DISTILLED SPIRITS—PUNISHMENT OF FRAUD—EXEMPTION FROM LIABILITY—REPEAL OF STATUTE.

Rev. St. § 3257 [U. S. Comp. St. 1901, p. 2112], punishing distillers who defraud or attempt to defraud the United States of the tax on spirits distilled by them, is not repealed by Act March 3, 1877 (19 Stat. 393 [U. S. Comp. St. 1901, p. 2137]), providing for the establishment of a bonded warehouse exclusively for the storage of grape brandy, removal of such spirits thereto, their deposit and withdrawal, etc., and Act October 18, 1888 (25 Stat. 560 [U. S. Comp. St. 1901, p. 2141]), extending the provisions of the act of March 3, 1877, to distillers of all fruit brandies.

2. SAME—CONSTRUCTION OF STATUTE.

Rev. St. § 3257 [U. S. Comp. St. 1901, p. 2112], punishes every person engaged in carrying on the business of distiller who shall defraud or at-

tempt to defraud the United States of the tax on spirits distilled by him. *Held*, in view of the legislative intent, manifested by legislation for many years, that "spirits distilled" should include apple brandy, a distiller of apple brandy was properly indicted under section 3257 for an attempt to defraud the government of taxes due by him.

Thos. L. Moore, U. S. Dist. Atty.
Chas. A. Hammer, for defendant.

McDOWELL, District Judge. The question here arises on a demurrer to each of the two counts in a bill of indictment. The first count gives the defendant no sufficient notice of the offense with which he is charged, and the demurrer as to it should be sustained. The second count reads as follows:

"And the grand jurors aforesaid, on their oath aforesaid, do further present that the said T. A. Ridenour on the ――― day of ―――, in the year 1901, in the said division of said district, and within the jurisdiction of said court, was engaged in the business of a distiller, and did then and there distill a large quantity of spirits, to wit, two hundred and eighty gallons of apple brandy, then and there subject to the internal revenue tax then imposed by law upon distilled spirits, and the said T. A. Ridenour then and there unlawfully did defraud and attempt to defraud the said United States of the tax on said spirits so produced by him as aforesaid, by using and disposing of said spirits before the said tax had been paid thereon as is required by the statutes in such cases made and provided, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States.          Thos. Lee Moore, United States Attorney."

The contention of counsel for defendant is that there is no statute which makes it a criminal or penal offense for the distiller to use or dispose of apple brandy without having first paid the internal revenue tax thereon. In the first place, it seems to me that the act of March 3, 1877 (19 Stat. 393 [U. S. Comp. St. 1901, p. 2137]), relating to the production of grape brandy, and punishing frauds connected therewith, as extended to distillers of apple brandy by act of October 18, 1888 (25 Stat. 560 [U. S. Comp. St. 1901, p. 2141]), is probably broad enough to cover the charge made in the indictment. However, the indictment does not seem to have been drawn under the above-cited provisions, and may be open to the objection that it does not negative the idea that the accused "disposed" of the brandy by removing it to a special bonded warehouse. The indictment was drawn under the statute found in section 3257, Rev. St. [U. S. Comp. St. 1901, p. 2112], taken from section 5, Act March 31, 1868 (15 Stat. 59), which reads as follows:

"Sec. 5. And be it further enacted, that every person engaged in carrying on the business of a distiller who shall defraud or attempt to defraud the United States of the tax on the spirits distilled by him, or any part thereof, shall forfeit the distillery and distilling apparatus used by him, and all distilled spirits and all raw materials for the production of distilled spirits found in the distillery and on the distillery premises, and shall, on conviction, be fined not less than five hundred dollars, nor more than five thousand dollars, and be imprisoned not less than six months, nor more than three years."

The contention is that this section does not apply to a distiller of fruit brandy, but only to distillers of whisky. This position does not seem to me to be tenable. To go no further back, it will be suffi-

cient to examine the language used in statutes enacted in 1864 and thereafter.

In the act to provide internal revenue, of June 30, 1864 (13 Stat. 223 et seq.) subsec. 16 of section 79 (page 253) requires that "distillers" pay $50 for a license; but distillers of apples, grapes, and peaches, distilling less than 150 barrels per year, shall pay only $12.50 for license. By section 55, a tax, in addition to the distillers' license, is required on all spirits of from $1.50 to $2 per gallon. In section 57 is a proviso "that brandy distilled from grapes shall pay a tax of twenty five cents per gallon." See, also, Act March 3, 1865 (13 Stat. 472), which amends the foregoing proviso by making the tax on grape brandy 50 cents per gallon, and by fixing the tax on brandy distilled from apples or peaches at $1.50 per gallon. In the above statutes there can be no doubt that the word "distiller" included a distiller of apple brandy, and that "distilled spirits" included apple brandy.

In the act of July 13, 1866 (14 Stat. 98), at page 117, is the following, relating to licenses:

"Distillers shall pay one hundred dollars. * * * Provided that distillers of apples, grapes or peaches, distilling or manufacturing fifty and less than one hundred and fifty barrels per year from same, shall pay fifty dollars; and those distilling or manufacturing less than fifty barrels per year from the same, shall pay twenty dollars."

At page 157 of this same act, the tax on spirits is fixed at $2 per gallon. Then follow numerous minute and exacting provisions to be complied with by distillers in the manufacture of spirits, and at page 163 is the following:

"And the commissioner of internal revenue is hereby authorized * * * to exempt distillers of brandy from apples, peaches or grapes exclusively, from such of the provisions of this act relating to the manufacture of spirits as in his judgment may seem expedient."

By amendment,—act of March 2, 1867 (14 Stat. 477),—the tax on grape brandy is reduced to $1 per gallon. Clearly, in these statutes the word "distiller" includes a distiller of apple brandy, and the term "spirits" or "distilled spirits" includes apple brandy.

The act of March 31, 1868 (15 Stat. 59), repeals the tax on distilled spirits; but on July 20, 1868 (15 Stat. 125), was passed an "act imposing taxes on distilled spirits and tobacco, and for other purposes." This act (page 125) imposes a tax of 50 cents per gallon on "all distilled spirits." And it is provided that:

"The tax on brandy made from grapes shall be the same and no higher than that upon other distilled spirits; and the commissioner of internal revenue is hereby authorized * * * to exempt distillers of brandy from apples, peaches or grapes exclusively from such other provisions of this act relating to the manufacture of spirits as in his judgment may seem expedient."

Then follow numerous provisions relating to the manufacture of spirits. At page 150, § 59, a special tax is imposed on all distillers, in the following language:

"Distillers producing one hundred barrels or less of distilled spirits * * * within the year, shall each pay four hundred dollars; and if producing more than one hundred barrels, shall pay in addition four dollars for each such barrel produced in excess of one hundred barrels."

This act clearly imposes a tax of 50 cents per gallon on apple brandy, and requires a license tax to be paid by a distiller of apple brandy. And certainly in this act the word "distiller" includes the maker of apple brandy, and "spirits" includes apple brandy.

On April 10, 1869 (16 Stat. 43), an act was passed to amend the act "imposing taxes on distilled spirits" of July 20, 1868. Inter alia, this amendment provides:

"That section fifty nine be further amended so as to require that distillers of brandy from grapes, peaches and apples exclusively, producing less than one hundred and fifty barrels annually, shall pay a special tax of fifty dollars, and, in addition thereto, the tax of four dollars per barrel."

·This amendment certainly puts beyond all question the fact that in passing the act to impose taxes on distilled spirits, of July 20, 1868, congress intended that the word "distiller" should embrace a distiller of apple brandy, and that "distilled spirits" should include apple brandy.

The next act that I find is one of June 6, 1872, "to reduce * * * internal taxes and for other purposes" (17 Stat. 230 et seq.), which amends the act of July 20, 1868, as amended by the act of April 10, 1869, inter alia, by repealing at page 244 so much of the above-mentioned section 59 as imposes a special tax on distillers and the tax of $4 per barrel. But the tax of 50 cents per gallon on all distilled spirits, including apple brandy, imposed by the act of July 20, 1868, is not repealed, and it is at page 238 increased to 70 cents per gallon.

· I have no copy of the first edition of the Revised Statutes (1873). In 18 Stat. pt. 3, I find nothing that seems to bear on the question in hand, though in section 16, at page 310, of an act to amend existing customs and internal revenue laws, of February 8, 1875 [U. S. Comp. St. 1901, p. 2095], a penalty is denounced against those who carry on the business of a distiller without having given bond, or with intent to defraud the government. Nothing in this act suggests that a distiller of apple brandy is not included within its intent.

The next statute which seems to have any bearing is the one heretofore mentioned, of March 3, 1877 (19 Stat. 393 [U. S. Comp. St. 1901, p. 2137] ), which relates only to the production of grape brandy, and to the punishment of frauds connected therewith. The reason which led to the enactment of this statute is not entirely clear to me, but I presume that under regulations made by the commissioner of internal revenue, exempting brandy distillers from certain requirements of the law, frauds were being committed by grape brandy distillers. This statute would, of course, have little or no bearing on the subject in hand, but for the act of October 18, 1888 (25 Stat. 560 [U. S. Comp. St. 1901, p. 2141] ), extending its application to apple-brandy distillers, which will be further considered hereafter.

At this juncture the Revised Statutes (edition of 1878) were published. By section 3247 [U. S. Comp. St. 1901, p. 2107], "Every person who produces distilled spirits * * * shall be regarded as a distiller." By section 3251 [U. S. Comp. St. 1901, p. 2108], the tax on all distilled spirits, excepting only such as were deposited in a bonded warehouse prior to August 1, 1872, is fixed at 70 cents per gallon. By section 3254 [U. S. Comp. St. 1901, p. 2111], "All prod-

ucts of distillation, by whatever name known, which contain distilled spirits or alcohol, on which the tax imposed by law has not been paid, shall be considered and taxed as distilled spirits." By section 3255 [U. S. Comp. St. 1901, p. 2111], "The commissioner of internal revenue * * * may exempt distillers of brandy made exclusively from apples, peaches or grapes from the provisions of this title, relating to the manufacture of spirits, except as to the tax thereon. * * *" By section 3257 [U. S. Comp. St. 1901, p. 2112], punishment is provided, in the same language as that used in the act of March 31, 1868 (15 Stat. 59), for a distiller who defrauds or attempts to defraud the government of the tax on the spirits distilled by him. It is true that many of the sections of title 35, Rev. St. [U. S. Comp. St. 1901, pp. 2038–2312], seem to apply only to spirits distilled from grain or molasses; but the sections hereinabove adverted to must, by every principle of construction, having in view the earlier legislation, be held to relate to distillers of apple brandy as well as to makers of other spirits.

The act to amend the laws relating to internal revenue, of March 1, 1879 (20 Stat. 327 et seq.; 1 Supp. Rev. St. 231 [U. S. Comp. St. 1901, p. 2060]), is entirely confirmatory of the above construction. In section 5 (page 335, 20 Stat.), relating, inter alia, to surveys of distilleries to change the spirit-producing capacity, it is provided that, under certain circumstances, surveys of "stills in a distillery of apples, peaches or grapes exclusively," may be made without taking certain measurements. See, also, section 6 (pages 340, 341, 20 Stat.), making special provision as to "distillers of fruit."

The act of May 28, 1880 (1 Supp. Rev. St. 284 [U. S. Comp. St. 1901, p. 2180]), does not seem to affect the question under consideration.

The next act that may seem to bear on the point is that of October 18, 1888 (1 Supp. Rev. St. 632 [U. S. Comp. St. 1901, p. 2141]), heretofore mentioned, which extends the act of March 3, 1877 (19 Stat. 393 [U. S. Comp. St. 1901, p. 2137]), relating to grape brandy, to apple and peach brandy. But I do not perceive that it is of any importance in this discussion. Neither of these statutes, even by implication, repeals the tax on apple brandy, or repeals the law providing punishment for a distiller who defrauds or attempts to defraud the government of the tax; and neither affords any reason for holding that the word "distiller" does not include a manufacturer of apple brandy.

The act of August 27, 1894 (2 Supp. Rev. St. 266), does not further affect the question under consideration than to make it even more certain that apple brandy is included under the term "distilled spirits." By this act (pages 325, 326) the tax on "all distilled spirits" is fixed at $1.10 per gallon, and upon spirits in bond the time of payment of the tax is extended to eight years "from the date of the original entry for deposit in any distillery warehouse, or from the date of original gauge of fruit brandy deposited in special-bonded warehouses." I have found nothing in the subsequent legislation, including the acts of the First session of the 57th congress (1901–1902), which has any bearing on the point in question.

It seems, therefore, that section 3257, Rev. St. [U. S. Comp. St. 1901, p. 2112], stands unrepealed; that a manufacturer of apple brandy is included in the meaning of the word "distiller"; and that apple brandy is embraced in the term "spirits distilled." This statute punishes by fine and imprisonment the distiller who defrauds or attempts to defraud the United States of the tax on the spirits distilled by him, or of any part thereof. The second count in the indictment charges an offense in the words of the statute, and specifies with sufficient certainty the manner of the commission of the alleged offense. The demurrer to the second count must be overruled.